# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| WESLEASE 2018 OPERATING LP, | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | Case No: |
| | § § | |
| INNOVATIVE SAND SOLUTIONS, LLC, LINDA BEHAN | § § § | |
| | § § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Weslease 2018 Operating, LP ("Plaintiff" and/or "Weslease"), brings this action for damages against Defendants Innovative Sand Solutions, LLC ("Innovative Sand") and Linda Behan ("Behan") (collectively "Defendants").

### The Parties

1. <u>Plaintiff Weslease 2018 Operating LP.</u> Plaintiff Weslease is a limited partnership formed in the province of Alberta, Canada, with its registered address at 500, 1414- 8 Street SW, Calgary, AB, TR2 JJ6.

2. <u>Defendant Innovative Sand.</u> Defendant Innovative Sand is a limited liability company formed in the State of Texas with a current registered address of 6125 Airport Freeway Suite 2-A, Haltom City, Texas 76117, 80202.

3. <u>Defendant Behan.</u> Defendant Behan is a natural person doing business in the State of Texas with a current registered business address of 6125 Airport Freeway Suite 2-A, Haltom City, Texas 76117, 80202.

**Jurisdiction and Venue**

4. <u>Subject Matter Jurisdiction</u>. Diversity jurisdiction exists under 28 U.S.C. § I 332(a) because the matter in controversy exceeds $75,000.00 (U.S.), exclusive of interest and costs. This matter also is between citizens and parties of foreign states (Plaintiff Weslease is a Canadian business and Defendants Innovative Sand and Behan are residents of the State of Texas) as defined in 28 U.S.C. § l 332(a).

5. <u>Venue</u>. The United States District Court, for the Northern District of Texas, in the Fort Worth Division, is the proper court because the underlying facts and the causes of action arose in this district in Texas.

**Introduction & Summary**

6. Plaintiff Weslease brings this complaint against Defendants Innovative Sand and Behan for Defendants Innovative Sand and Behan's failure to return monies due and owing to Plaintiff Weslease.

7. On or about May 13, 2016, Weslease Income Growth Fund, LP ("WIGF") entered into a written contract with Defendants. *See* Exhibit 1. That agreement was a finance lease whereby WIGF would provide financing for the purchase of an equipment necessary to process and sell sand (the "Equipment"), in the oil and gas industry (the "Finance Lease"), and in return, Defendants had to make 36 monthly payments starting from August 2016.

8. On May 13, 2016, WIGF disbursed $200,000.00 to Defendants via wire transfer pursuant to the Finance Lease and Defendants quickly paid the $200,000.00 to a third party who was in possession of the Equipment. *See* Exhibit 2.

9. On or about September 26, 2016, the third party refunded Defendants for the $200,000.00 that Weslease's predecessor, WIGF, had transferred to Defendants in May of 2016. *See*

Exhibit 6. However, instead of returning the $200,000.00 to Weslease, Defendants, on or around September 28, 2016, transferred the money to a different checking account and never repaid any amount of it to WIGF or Weslease. *See Id*.

10. Thereafter, WIGF filed for relief under Canadian bankruptcy laws, and later sold the rights to collect the $200,000.00 paid to Defendants in May of 2016 to Plaintiff, Weslease, via a duly appointed receiver. *See* Exhibits 3-5.

11. To date, despite Plaintiff's demands and requests for payment, Defendants have refused to return the money to Weslease—the successor of WIGF's right to collect. As such, Weslease sues for the return of the $200,000.00 and other appropriate remedies.

## Factual Background

12. The Parties recently litigated a contract theory under the finance lease until such time as the Honorable Judge John McBryde determined he could not order Plaintiff's relief under the contract claim. *See generally*, Case 4:19-CV-00555 (the "Related Case"). Judge McBryde, however, did recognize Defendants should repay the funds:

> And, without question, defendants have failed to return that money to plaintiff, as they probably should. However, breach of contract is not the vehicle by which plaintiff can recover the money since the only contract proffered does not address 'the matter as it stands.

Order dated June 8, 2020, at 3.

13. Accordingly, Judge McBryde ruled Plaintiff could pursue its remedies against Defendants in this case. *See* Order dated June 17, 2020 (ECF. No. 90) (granting Plaintiff's alternative motion and dismissing claims without prejudice); Final Judgment (ECF No. 91) ("dismissed with prejudice to the extent that such claims will not be reasserted in this case and without prejudice as to the reassertion of such claims in any other case or court.").

14. Defendants stipulated in the Related Case that before, on, or about May 13, 2015 through

at least May 13, 2016, Keith Talbot ("Talbot") served as an officer of Weslease Income with authority to bind Weslease Income.

15. Defendants stipulated in the Related Case that from its formation to present, Dale Behan ("D. Behan") served as an officer of Innovative Sand with authority to bind Innovative Sand.

16. Defendants stipulated in the Related Case that before on or about May 13, 2016, D. Behan outlined a prospective business venture to sell sand for use in the oil and gas industry.

17. Defendants stipulated in the Related Case that D. Behan's prospective business venture involved cooperation between Innovative Sand and Cave City Sand.

18. Defendants stipulated in the Related Case that Innovative Sand was and is a Texas limited liability company.

19. Defendants stipulated in the Related Case that Cave City Sand owned equipment for the processing, preparation, and sale of sand for use in the oil and gas industry.

20. Defendants stipulated in the Related Case that Cave City Sand's equipment included a Thunderbird Wash Plant, Twin 44X32 Fine Material Washer, 50' overrun conveyor, 50' discharge conveyor, and portable steeped beam chassis (the "Equipment").

21. Defendants stipulated in the Related Case that Innovative Sand did not own any equipment it could use to process, prepare, and sell sand.

22. Defendants stipulated in the Related Case that to acquire equipment for Innovative Sand, D. Behan contacted Talbot.

23. Defendants stipulated in the Related Case that Teresa Whitstein is a natural person who served as an officer of Innovative Sand and an agent of Behan.

24. Defendants stipulated in the Related Case that D. Behan and L. Behan described Teresa

Whitstein with multiple titles, including comptroller, treasurer, and others.

25. Defendants stipulated in the Related Case that on or about May 13, 2016, WIGF caused a disbursement of $200,000.00 to Innovative Sand.

26. Defendants stipulated in the Related Case that WIGF disbursed this $200,000.00 into an account belonging to Innovative Sand at Amarillo National Bank with account number ending in ... 9184.

27. Defendants stipulated in the Related Case that on or about May 13, 2016, Innovative Sand forwarded $200,000.00 to Cave City Sand for purchase of the Equipment.

28. Defendants stipulated in the Related Case that Innovative Sand did so by paying $200,000.00 to an entity owned and controlled by the same persons as Cave City Sand known as "Blanco Sands."

29. Defendants stipulated in the Related Case that on or about September 26, 2016, Blanco Sands returned the $200,000.00 to Innovative Sand's account at Amarillo National Bank.

30. Defendants stipulated in the Related Case that neither Innovative Sand nor L. Behan repaid any amount to WIGF or Weslease.

31. Defendants stipulated in the Related Case that WIGF filed for relief under Canada's Bankruptcy and Insolvency Act on or about May 25, 2018.

32. Defendants stipulated in the Related Case that a court of appropriate jurisdiction appointed a receiver to manage WIGF's estate on or about July 26, 2018.

33. Defendants stipulated in the Related Case that during the administration of WIGF's receivership, on or about December 20, 2018, Weslease acquired WIGF's rights to collect under the financing lease with Innovative Sand and L. Behan.

34. Defendants stipulated in the Related Case that Weslease has no common ownership or

control with WIGF and was formed by unrelated persons for the sole purpose of acquiring and holding assets of WIGF through its court ordered receivership.

35. Defendants stipulated in the Related Case that Weslease acquired WIGF's rights to collect under the financing lease with Innovative Sand and L. Behan in accordance with governing bankruptcy and insolvency law and with the written approval of the Canadian court exercising jurisdiction.

36. Defendants stipulated in the Related Case that Weslease 2018 paid value in exchange for Weslease Income's rights to collect under the financing lease with Innovative Sand and L. Behan.

37. Defendants stipulated in the Related Case that Neither Innovative Sand nor L. Behan have repaid any portion of the capital they received from WIGF pursuant to the finance lease.

38. Defendants stipulated in the Related Case that no third party ever made any payment to WIGF nor Weslease pursuant to the finance lease.

39. Defendants stipulated in the Related Case that neither Innovative Sand nor L. Behan made any monthly payments under the finance lease.

### Count 1
### Money Had and Received

40. Plaintiff Weslease hereby incorporates and realleges the allegations contained above as if fully set forth herein.

41. Defendants hold money that, in equity and good conscience, belongs to Plaintiff because Plaintiff, as assignee of WIGF, transferred $200,000.00 to Defendants. Defendants received the $200,000.00 for purchase of the Equipment but did not purchase the Equipment.

42. Defendants did not repay any portion of the $200,000.00 to Plaintiff or WIGF despite not

purchasing the Equipment.

43. Plaintiff seeks damages in the amount of at least $200,000.00.

## Count 2
## Quantum Meruit

44. Plaintiff Weslease hereby incorporates and realleges the allegations contained above as if fully set forth herein.

45. Plaintiff, as assignee of WIGF, provided Defendants with $200,000.00. Defendants accepted the $200,000.00 from Plaintiff without performing under the finance lease or returning the money to Plaintiff.

46. Plaintiff provided the $200,000.00 for Defendants' benefit at the request of Defendants.

47. Defendants knew or should have known that Plaintiff expected the return of $200,000.00 when Defendants first received it from WIGF. Defendants further knew or should have known Plaintiff expected Defendants to return the $200,000.00 when Defendants received the money back from the Equipment's owner.

48. Because Plaintiff expected compensation or return of the $200,000.00, Defendants' acceptance of the money without payment resulted in damages for the reasonable value of the amount transferred, but not less than $200,000.00 plus costs, including attorney's fees associated with bringing these causes of action.

## Count 3
## Constructive Trust

49. Plaintiff Weslease hereby incorporates and realleges the allegations contained above as if fully set forth herein.

50. Plaintiff pleads a special relationship exists with respect to the $200,000.00, as

Defendants' own ledger makes clear that the $200,000.00 was returned to Defendants just so they could be repaid and refunded to Weslease's predecessor. *See* Exhibit 6. As such, Defendants' continued retention of the $200,000.00 is wrongful, inequitable, and unjustly enriches Defendants.

51. The equitable remedy of Constructive Trust is appropriate for the return of the $200,000.00 to Plaintiff.

## Count 4
## Rescission

52. Plaintiff Weslease hereby incorporates and realleges the allegations contained above as if fully set forth herein.

53. Plaintiff pleads for rescission of the finance lease on two alternative grounds. First, to the extent the finance lease was partially performed by WIGF, it is subject to rescission and Defendants must return the consideration they received under the finance lease.

54. Second, to the extent the finance lease is the result of a mistake, as Defendants have alleged in the Related Case, the finance lease is subject to rescission and Defendants must return the consideration they received under the finance lease.

55. Plaintiff seeks rescission of the finance lease and return of the $200,000.00. Defendants received as consideration under the finance lease, along with profits, proceeds, and the like resulting from Defendants' improper retention.

## Count 5
## Unjust Enrichment

56. Plaintiff Weslease hereby incorporates and realleges the allegations contained above as if fully set forth herein.

57. Plaintiff, as assignee of WIGF, provided Defendants with $200,000.00. Defendants

accepted the $200,000.00 from Plaintiff without performing under the finance lease or returning the money back to Plaintiff.

58. Plaintiff provided the $200,000.00 for Defendants' benefit at the request of Defendants.

59. Defendants knew or should have known that Plaintiff expected the return of $200,000.00 when Defendants first received it from WIGF. Defendants further knew or should have known Plaintiff expected Defendants to return the $200,000.00 when Defendants received the money back from the Equipment's owner.

60. Because Plaintiff expected compensation or return of the $200,000.00, Defendants' acceptance of the money without payment resulted in damages for the reasonable value of the amount transferred, but not less than $200,000.00, plus costs, including attorney's fees associated with bringing these causes of action.

## Count 6
## Assumpsit

61. Plaintiff Weslease hereby incorporates and realleges the allegations contained above as if fully set forth herein.

62. Plaintiff, as assignee of WIGF, paid the $200,000.00 to Defendants for Defendants' use and benefit. Defendants received the $200,000.00 at their request and adopted and took advantage of the $200,000.00.

63. Defendants are liable to Plaintiff to return the $200,000.00 along with profits, proceeds, and the like resulting from Defendants' improper retention, under the quasi-contract cause of action assumpsit.

## Count 7
## Breach of Contract

64. Plaintiff Weslease hereby incorporates and realleges the allegations contained above as if

fully set forth herein.

65. The finance lease constituted a binding contract between Defendants and Plaintiff, as assignee of WIGF.

66. WIGF performed in part under the finance lease but Defendants did not perform in any way and has wholly failed to pay any amount to WIGF or Plaintiff under the finance lease.

67. Defendants' failure to perform constitutes a breach of contract.

68. Plaintiff has suffered damages in excess of $200,000.00 as a result of Defendants' breaches.

## Requests for Relief

WHEREFORE, Plaintiff Weslease prays that the Court cite Defendants Innovative Sand and Behan to appear and, upon trial, Plaintiff have judgment against Defendants, jointly and severally, for:

1. Return of the $200,000.00 to Plaintiff;
2. Pre-judgment interest in amount the Court deems just and proper, according to proof;
3. Interest at the rate of 22.5% as set out in the Finance Lease;
4. Interest at the judgment rate from and after entry of judgment;
5. Attorney's fees in amount the Court deems just and proper, according to proof;
6. An order awarding Plaintiffs costs and disbursements incurred as allowed by law; and
7. Such further and other relief as the Court may deem just, equitable and reasonable.

DATED this 25th day of July 2020.

Respectfully Submitted,

**MCCATHERN, PLLC**

By: /s/ *Justin Bryan*
Justin N. Bryan
State Bar No. 24072006
jbryan@mccathernlaw.com
Sounia Senemar
State Bar No. 24103925
ssenemar@mccathernlaw.com
Regency Plaza
3710 Rawlins, Suite 1600
Dallas, Texas 75219
Telephone: 214.741.2662
Facsimile: 214.741.4717

**ATTORNEYS FOR PLAINTIFF**

Case 1:25-mc-00261   Document 2   Filed 05/30/25   Page 12 of 12   PageID #: 14
Case 4:20-cv-00776-P   Document 1   Filed 07/25/20   Page 12 of 12   PageID 12